# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# COOKEVILLE DIVISION

| CHRISTOPHER SULLIVAN, et al., | ) |  |
|---|---|---|
| Plaintiffs, | ) |  |
| v. | ) | NO. 2:17-cv-0052 |
|  | ) | CHIEF JUDGE CRENSHAW |
| SAM BENNINGFIELD and ODDIE SHOUPE, | ) |  |
| Defendants. | ) |  |

## MEMORANDUM OPINION

Pending before the Court are Defendants' Motion to Dismiss (Doc. No. 15), Plaintiffs' Motion to Certify Questions of State Law (Doc. No. 20), Plaintiffs' Motion for Partial Summary Judgment (Doc. No. 21), Plaintiffs' Motion to Ascertain Status (Doc. No. 35), and Plaintiffs' Motion in Limine (Doc. No. 45).

### Background

Plaintiffs are male citizens who, at the time of the Amended Complaint, were incarcerated in the White County, Tennessee jail. Defendant Benningfield is the White County General Sessions Judge. Defendant Shoupe is the White County Sheriff. Plaintiffs allege that, on May 15, 2017, Defendant Benningfield issued a "Standing Order" providing, among other things, that any White County male inmate serving a sentence for the General Sessions Court who had a free vasectomy would be given a thirty-day credit on his sentence (Doc. No. 13-1).[1] Plaintiffs claim that this

---

[1] Similarly, the Standing Order provided that any female inmate who received a free Nexplanon surgical implant would be given a thirty-day credit on her sentence.

Standing Order violated both the United States and the Tennessee Constitutions, and they seek declaratory and injunctive relief.

Plaintiffs assert that, following widespread criticism, on July 26, 2017, Defendant Benningfield issued a Supplemental Order titled "Order Rescinding Previous Standing Order" that purported to rescind the May 15, 2017 Standing Order (Doc. No. 13-2). In addition to ordering that the previous order was rescinded, the Supplemental Order stated: "Those inmates who have demonstrated to the court their desire to improve their situations and take serious and considered steps toward their rehabilitation by having the procedures or agreeing to have same will not be denied the credit. You will be awarded the 30 days jail credit promised whether you ultimately receive the procedures or not." (Doc. No. 13-2). Plaintiffs read this provision as keeping the May 15, 2017 Standing Order in effect.

On November 9, 2017, Defendant Benningfield entered another Order, this one titled "Order Clarifying Order Rescinding Previous Standing Order" (Doc. No. 42-1).[2] This Order stated, among other things, that the Order Rescinding the Previous Standing Order: (1) held that the court would no longer offer the 30-day credit toward completion of a jail sentence if the inmate received the free Nexplanon implant or the vasectomy; (2) informed those eligible inmates who had signed up to receive these procedures that they would still receive the 30-day credit, regardless of whether they actually got the procedures or not; (3) was not intended to extend the 30-day jail credit to anyone who promised to undergo the procedures *after* entry of the Order Rescinding Previous Standing

---

[2] In addition to the allegations of the Complaint, the Court may also consider other materials that are integral to the Complaint, are public records, or are otherwise appropriate for the taking of judicial notice. Wyser-Pratte Mgmt. Co., Inc. v. Telxon Corp., 413 F.3d 553, 560 (6th Cir. 2005).

2

Order; and (4) was intended only to insure that those inmates who had already complied with the first Standing Order would receive the promised benefit (Doc. No. 42-1).

On May 1, 2018, Tennessee Governor Bill Haslam signed into law Senate Bill 2133, which expressly forbids conditioning the length of any criminal sentence on the defendant's submitting to any form of temporary or permanent birth control, sterilization or family planning services. (Doc. No. 50-2). Therefore, the alleged misconduct is now illegal by statute. This action is one of four in this Court challenging the constitutionality of Defendant Benningfield's Orders and the actions of White County officials in response thereto.[3]

## Motions to Dismiss

Defendants have moved to dismiss the Amended Complaint for lack of standing and for failure to state a claim for which relief may be granted. For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Id. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. Id. at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the

---

[3] The other three are Ward v. Shoupe, No. 2:17-cv-0047; Garrett v. Shoupe, No. 2:17-cv-0059; and Stall v. Shoupe, No. 2:17-cv-0060.

elements of a cause of action sufficient. Fritz v. Charter Township of Comstock, 592 F.3d 718, 722 (6th Cir. 2010).

## Standing

Article III of the United States Constitution limits the jurisdiction of federal courts to hear only actual cases and controversies. United States Const. art. 3, § 2; Lyshe v. Levy, 854 F.3d 855, 857 (6th Cir. 2017). The doctrine of standing aids in defining these limits. The plaintiff has the burden of establishing standing. Id. To establish Article III standing, a plaintiff must show: (1) an injury in fact; (2) a sufficient causal connection between the injury and the conduct complained of; and (3) a likelihood that the injury will be redressed by a favorable decision. List v. Driehaus, 134 S.Ct. 2334, 2341 (2014). An injury sufficient to satisfy Article III must be concrete and particularized and actual or imminent, not conjectural or hypothetical. Id. An allegation of future injury may suffice if the threatened injury is certainly impending or there is a substantial risk that the harm will occur. Id. A plaintiff must establish that he has a personal stake in the outcome of the controversy. Lyshe, 854 F.3d at 857. Whether a party has standing is an issue of the court's subject matter jurisdiction. Id.

Defendants argue that Plaintiffs were not injured as a result of Judge Benningfield's Orders and there is no future injury imminent. None of the Plaintiffs in this case received the offered vasectomies. Plaintiffs argue that the Standing Order subjected them to an additional thirty days in jail if they were unwilling to get a vasectomy. That characterization is misleading. Plaintiffs' sentences were not *increased* if they did not get the procedures. Under the Standing Order, failure to get a vasectomy did not change an inmate's sentence; rather, getting the procedure entitled the inmate to a *credit* toward his sentence. In other words, Plaintiffs did not serve longer than they were

originally sentenced because they did not agree to vasectomies. Their claim actually concerns whether the alleged denial of a sentence credit violated their constitutional rights. Plaintiffs have not alleged a viable constitutional right to a sentence credit.

In any event, the challenged behavior has stopped. As to any allegation of present or future injury, Plaintiffs' claim is moot. As noted above, the Standing Order has been rescinded and clarified such that it is no longer in effect. Indeed, the General Assembly in Tennessee has now made it illegal to reduce the length of someone's sentence based upon willingness to undergo birth control or sterilization procedures.[4] Therefore, there is no risk of imminent injury. It is unncecessary and imprudent to determine the constitutionality of the Standing Order that has been rescinded and made illegal in future. Therefore, Plaintiffs have no standing to bring this action.[5]

## Declaratory and Injunctive Relief

Plaintiffs ask the Court to declare the Standing Order and Order Rescinding Previous Standing Order unconstitutional. The conduct addressed by those Orders is stopped and is now prohibited by state law. Declaring it unconstitutional would be merely an advisory opinion by the Court. The Court finds it unnecessary and also imprudent to determine the constitutionality of Orders that are no longer in effect and which cannot legally be enforced. Jones v. Haynes, 2018 WL 2684310 at * 4 (6th Cir. June 5, 2018). The Court declines to order such relief. Similarly, the Court

---

[4] If Defendants were to continue the challenged practice, they would be violating a specific state statute.

[5] Plaintiffs argue, in response to Defendants' Motion to File Supplemental Authority, that Defendants are still illegally disbursing sentencing credits to certain inmates whose sentences predate May 1, 2018 (Doc. No. 52). Even if it is true that Defendants are still operating the allegedly unconstitutional program of birth control for sentence credits, Plaintiffs have not alleged that they are in any way affected by this post-Complaint behavior. Whether such conduct violates the state statute is not before the Court.

will deny Plaintiffs' request for injunctive relief because there is no misconduct to enjoin and Plaintiffs cannot show they are in imminent danger of irreparable harm.

. Conclusion

For these reasons, Defendants' Motion to Dismiss (Doc. No. 15) will be granted, and this action will be dismissed. Accordingly, Plaintiffs' Motion to Certify Questions of State Law (Doc. No. 20), Plaintiffs' Motion for Partial Summary Judgment (Doc. No. 21), Plaintiffs' Motion to Ascertain Status (Doc. No. 35), and Plaintiffs' Motion in Limine (Doc. No. 45) will be denied as moot.

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE