UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER SULLIVAN, NATHAN HASKELL, and WILLIAM GENTRY, | ) ) ) | |
| *Plaintiffs*, | ) ) | |
| v. | ) ) | NO. 2:17-cv-0052 |
| SAM BENNINGFIELD and ODDIE SHOUPE, | ) ) ) | CHIEF JUDGE CRENSHAW |
| *Defendants*. | ) ) | |

**ORDER**

Pending before the Court upon remand from the United States Court of Appeals for the Sixth Circuit, Case No. 18-5643, is Plaintiffs' Motion for Summary Judgment (Doc. No. 21). As evidenced by the signatures of adversary counsel below, all matters in controversy have been settled and compromised, and subject to the Court's approval, the Parties agree to the following conclusive resolution of this action:

1. Defendants shall be **PERMANENTLY ENJOINED** from making or enforcing any sentencing determination that is based in whole or in part upon a defendant's consent—or refusal to consent—to becoming permanently or temporarily sterilized.

2. Upon entry of this Order, Defendant Benningfield shall sign and enter an order in the General Sessions Court for White County, Tennessee, rescinding its Standing Orders entered on May 15, 2017 (Doc. No. 13-1), July 26, 2017 (Doc. No. 13- 2), and November 9, 2017 (Doc. No. 42-1), that provides as follows:

This Court's May 15, 2017, July 26, 2017, and November 9, 2017

-1-

> Standing Orders concerning this Court's provision of sentencing credits in exchange for inmates' receipt of Nexplanon implants or vasectomies offered by the Tennessee Department of Health are hereby **RESCINDED** in their entirety. This Order shall take effect upon entry. Nothing in this order shall operate to void any sentence credits previously granted. It is so ordered.

3. For purposes of any expungement sought by Plaintiffs under Tenn. Code Ann. § 40-32-101(g)(2), Plaintiffs' sentences shall be considered to have been completed thirty (30) days prior to the date of termination listed on their judgment sheets.

4. Pursuant to 42 U.S.C. § 1988(b), Plaintiffs shall be awarded reasonable attorney's fees and costs in the amount of twenty thousand dollars ($20,000.00), payable to Plaintiffs' counsel, which, less costs incurred, shall be donated by Plaintiffs' counsel to the United States Holocaust Memorial Museum and the Tuskegee History Center.

5. This Order shall constitute the final judgment in this case pursuant to Fed. R. Civ. P. 58. All remaining claims in this litigation, and all other pending matters arising out of, regarding, or relating to this litigation, shall be withdrawn, waived, dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a)(2) and Fed. R. Civ. P. 15(a)(2), and/or denied as moot.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE